## James W. Hurtt vs. Thomas R. Crane.

*Equity Practice — When a cause is not ready for Final hearing — Erroneous decree — Decree pro confesso.*

If an answer be filed to a bill of complaint, before the final decree is passed, the defendant is entitled to take evidence, upon terms to be prescribed by the Court, to sustain his defence.

Where, upon a bill to foreclose a mortgage executed by A and wife, and B and wife, the defendants, the wife of B, having a potential right of dower in her husband's interest in the mortgaged premises, has not been summoned, and is not before the Court, the cause is not ready for final hearing.

Upon a bill to foreclose a mortgage executed by A and wife, and B and wife, the defendants, a decree directing the sale of the interest of A, alone, is erroneous. A decree should determine the rights and liabilities of all the parties to the cause.

A decree *pro confesso* cannot be passed against a defendant who has not been summoned.

APPEAL from the Circuit Court for Talbot County.

The bill of complaint in this case was filed by the appellee on the 20th of January, 1871, against the appellant and his wife and David C. Blackiston and his wife, to procure the sale of certain real estate in Talbot county, which had been mortgaged by the defendants to the complainant on the 14th of June, 1870. Subpœnas were issued against the defendants. At the February Term, 1871, the appellant and his wife were returned "summoned;" Blackiston and wife were returned *"non sunt:"* The subpœna "was renewed for David C. Blackiston, returnable the third Monday of May, 1871," and was returned "summoned." On the 20th of May, 1871, an interlocutory decree was obtained against all the defendants, and a commission was issued for proof. The only proof taken was the filing an attested copy of the mortgage, which was returned with the commission on the 25th of May, 1871. On

the 19th of July following a subpœna was renewed for Mrs. Blackiston; and on the same day an affidavit was filed by David C. Blackiston and wife and Mary H. Hurtt, the wife of the appellant, alleging that they had not been summoned. On the 21st of July the subpœna against Mrs. Blackiston was returned "*non est.*" On the 24th of July the appellant filed his separate answer, admitting the execution of the mortgage, and default in the non-payment of an instalment of the mortgage debt, but averring that the complainant was not entitled to a foreclosure of the mortgage in consequence of said default; "it being agreed and understood that there should be no foreclosure of the mortgage until the whole mortgage debt was due and payable." The answer further alleged that a sale could not be made of the mortgaged property without sacrificing the interest of the respondent; and prayed that a final decree might not be passed until such reasonable time as the Court should deem proper for him to appear and give evidence in his behalf before a commissioner. On the day of the filing of the answer, the Court (STUMP, J.) passed a final decree directing the sale of the respondent's interest in the mortgaged premises, for cash, unless he should bring into Court, by a day named in the decree, the money alleged to be due.

From this decree the present appeal was taken.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*Alexander B. Hagner,* for the appellant.

*George M. Gill,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The motion to dismiss this appeal having been withdrawn, the question before us is whether the Court below erred in passing the decree appealed from. As the appellant had filed

Hurtt *vs.* Crane.

his answer to the bill of complaint before the final decree was passed, he was entitled to take evidence, upon terms to be prescribed by the Court below, to make out his defence, and it was error to deprive him of this right. But in addition to this the cause was not ready for final hearing, because Mrs. Blackiston, who had been made a party defendant, and who had a potential right of dower in her husband's interest in the mortgaged premises, had not been summoned and was not before the Court. When there are several defendants, the cause cannot be heard until it is ready against all of them. *Alex. Chan. Pract.*, 113. There is also error in the decree, for the reason that it does not settle the whole case. The object of the bill was a foreclosure of a mortgage executed to the appellee by the appellant and his wife and David C. Blackiston and his wife, while the decree directs the sale of the interest of the appellant alone. The decree should have determined the rights and liabilities of all the parties to the cause. *Contee vs. Dawson*, 2 *Bland*, 292.

The decree *pro confesso* also was inadvertantly passed as against Mrs. Blackiston, as she had never been summoned and was not in default.

The decree appealed from will be reversed and the cause remanded for further proceedings.

> *Decree reversed and*
> *cause remanded.*

(Decided 9th May, 1872.)